SAINE (SWOPE v.). See Case No. 13,705.

ST. ANDER, The. See Case No. 2,568.

ST. CLAIR (RIGGS v.). See Case No. 11,-829.

ST. CLAIR COUNTY (LYELL v.). See Case No. 8,621.

ST. CLAIR COUNTY (NICOLAY v.). See Case No. 10.257.

STE. GENEVIEVE (WELCH v.). See Case No. 17,372.

---

## Case No. 12,221.

### The ST. GEORGE.

[Blatchf. Pr. Cas. 551.] [1]

District Court, S. D. New York. Oct. 14, 1863.

PRIZE—ATTEMPT TO VIOLATE BLOCKADE.

Vessel and cargo condemned for an attempt to violate the blockade.

In admiralty.

BETTS, District Judge. The above vessel and cargo were captured at sea, April 22,

---

[1] [Reported by Samuel Blatchford, Esq.]

[21 Fed. Cas. page 161]    (Case No. 12,222, ST. HELEN

1863, off New Inlet, North Carolina, by the United States ship-of-war Mount Vernon, and were sent to this port for adjudication. A libel was filed against the prize, demanding its condemnation and forfeiture April 29, 1863, and a monition and attachment were the same day duly served thereon, which were returned on the 19th of May thereafter. Thereupon, on due and regular proceedings before the court, the default of the prize was proclaimed and decreed, no person intervening or appearing therefor. It appears, from the certificate of the vessel's registry, that she was a British vessel, owned at the port of Hamilton, Bermuda, November 10, 1853, by John Jay Bowne, of that place. The shipping articles show that the crew engaged, in April, 1863, for a voyage from St. George's in the Bermudas, to Baltimore, and thence back to the West Indies, and to St. George's. The certificate of clearance from the same port cleared the vessel, with 800 bags of salt and a cargo of general merchandise, for Baltimore, April 10, 1863. The master of the vessel and the agent of the owner testified, on examination in preparatorio, that they knew that Wilmington was in a state of blockade; that they knew of the state of war; that the vessel was boarded by a United States war vessel, April 22d, and warned off the coast; and that the warning was indorsed by the boarding officer of the vessel's papers. The first mate testifies that, after leaving Bermuda, the master suggested to him to run the blockade, and that the prize was steered for the coast of North Carolina, to do so. No evidence is given disproving these facts.

The case is one of a clear intention and attempt to violate the blockade, and a decree of condemnation and forfeiture of the vessel and cargo must be entered.